UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SIGNATURE FINANCIAL, LLC                                                                    PLAINTIFF

v.                                       No. 2:19-MC-00018

JOHN MCCLUNG                                                                                DEFENDANT

**OPINION AND ORDER**

Before the Court is a motion (Doc. 2) to quash a subpoena, filed by Kimberly McClung and John McClung. No response has been filed, but a response is unnecessary. The motion will be denied.

On August 23, 2018, the United States District Court for the Central District of California entered judgment against John McClung in an action initiated by Signature Financial, LLC. *Signature Fin., LLC v. John McClung*, No. 2:16-CV-03621, Doc. 127 (C.D. Cal. Aug. 23, 2018). Signature Financial, LLC is now attempting to execute on John McClung's assets to satisfy that judgment. "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided by these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

On April 4, 2019, the United States District Court for the Central District of California issued a subpoena (Doc. 2, pp. 18–23) under Federal Rule of Civil Procedure 45 commanding Bank Ozk, successor in interest to Summit Bank, to produce in Fort Smith, Arkansas:

> 1. Documents identifying the source of funding used by [John and/or Kimberly] McClung to pay the obligations secured by the Deed of Trust [executed by John and Kimberly McClung in favor of Investors Note Servicing, Inc.], including but not limited to, copies of checks or proof of wire transfers.
>
> 2. Documents identifying the payor of the obligations owed to [Investors Note

1

Servicing Inc.] and secured by the Deed of Trust, including but not limited to, copies of checks or proof of wire transfers.

3. Documents identifying the current balance of the obligations secured by the Deed of Trust.

(Doc. 2, p. 23). The deadline for compliance is May 15, 2019. (Doc. 2, p. 18).

On May 14, 2019, in accordance with Rule 45(d)(3), the McClungs moved in this Court to quash the subpoena on the grounds that despite the requirements of Rule 45(a)(4), no preservice notice was given to all parties (Doc. 2, pp. 4–5); that the subpoena demands financial information of Kimberly McClung, who is a nonparty to the California lawsuit (Doc. 2, pp. 5–6); that any documents possessed by Bank Ozk are irrelevant to the lawsuit (Doc. 2, p. 6); and that the subpoenaed documents may include information protected by the marital privilege, privacy rights protected by the United States Constitution or the constitutions of the States of Texas, Oklahoma, and California, or federal statutes protecting personal bank records (Doc. 2, pp. 7–9).

Parties are permitted to conduct discovery, including under Rule 45, into "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court is required to quash or modify a Rule 45 subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The Court may also quash or modify a Rule 45 subpoena "if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). Rule 45 subpoenas may also properly be quashed when preservice notice

requirements are not met. *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000).

There is no basis in the record for the Court to suspect that the subpoena fails to allow Bank Ozk a reasonable time to comply, requires compliance beyond the geographical limits of Rule 45(c), subjects a person to undue burden, commands production of an unretained expert's opinion or the results of an unretained expert's study, or commands production of a trade secret or other confidential research, development, or commercial information.

The McClungs' argument for quashing the subpoena for lack of preservice notice is rejected. The preservice notice requirement of Rule 45(a)(4) applies to a "subpoena that commands the production of documents, electronically stored information, or tangible things or the inspection of premises *before trial*." Fed. R. Civ. P. 45(a)(4) (emphasis added). The Rule elsewhere describes subpoenas for the production of documents, electronically stored information, or tangible things or the inspection of premises without including the "before trial" modifier. Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(C), (a)(1)(D), (c)(2), and (d)(2)(A). Because of its inclusion in Rule 45(a)(4), and not in those other subsections, the phrase "before trial" must have some meaning, and the McClungs identify no reason to give the phrase any meaning but its ordinary one. The preservice notice requirement applies when the subpoena commands compliance before trial. The time for trial in the California lawsuit has passed, this is a postjudgment subpoena, compliance is not commanded "before trial," and so the preservice notice requirement of Rule 45(a)(4) does not apply to this subpoena.

The McClungs' argument for quashing or modifying the subpoena on the basis of relevance is rejected. Judgment has been entered against John McClung, who was at one time married to Kimberly McClung. The authorities this Court has reviewed are in near-universal agreement that

3

the scope of postjudgment discovery "is very broad, as it must be if the procedure is to be of any value," and may encompass information about nonparties. 12 Charles Alan Wright & Arthur Miller, *Fed. Practice & P. Civ.* § 3014 (3d ed. Apr. 2019); *see Republic of Arg. v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive."), *aff'g* 695 F.3d 201, 207 (2d Cir. 2012) ("The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment."); *ClearOne Commc'ns, Inc. v. Chiang*, 276 F.R.D. 402, 404 (D. Mass. 2011) ("The presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment.") (quotation omitted).

That information subpoenaed from Bank Ozk might relate to nonparties to the California action or might be out of date does not make it irrelevant—at best, this is an argument that the information sought is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Again, the McClungs' argument is rejected. John McClung lost on the merits of the California lawsuit, which involved payment default on a 2013 oilfield lease agreement between Signature Financial, LLC's predecessor in interest and JM Oilfield, with John McClung (JM Oilfield's president and sole shareholder) acting as personal guarantor. *Signature Fin., LLC v. John McClung*, No. 2:16-CV-03621, Doc. 102 (C.D. Cal. Oct. 6, 2018). The United States District Court for the Central District of California entered judgment against John McClung in the amount of $1,269,679.65. *Signature Fin., LLC v. John McClung*, No. 2:16-CV-03621, Doc. 127 (C.D.

Cal. Aug. 23, 2018). At this stage, the most important issue at stake in the action is allowing Signature Financial, LLC to collect its judgment. The amount of the judgment is high enough to justify a somewhat intrusive search into the financial information not only of John McClung but of nonparties who might be in possession of John McClung's assets. John McClung has not shown that he has paid $1,269,679.65 into the registry of the United States District Court for the Central District of California, this Court, or any other. He has not shown that he has identified assets sufficient to satisfy the judgment against him. He has not voluntarily provided to Signature Financial, LLC the records or information it is subpoenaing from Bank Ozk. The McClungs make no argument that Signature Financial, LLC otherwise has access to this information. The discovery requested in the subpoena at issue on this motion appears to be essential in resolving the issues remaining in this case. Finally, Bank Ozk, and not the McClungs, will bear all the burden and expense of complying with the subpoena—the McClungs have no standing to object on that basis.

Because the information subpoenaed from Bank Ozk is relevant and appears proportional, the McClungs' motion depends on whether they have a privilege or other protection against disclosure of the information subpoenaed from Bank Ozk. As the parties asserting privileges and protections preventing discovery, it is the McClungs' burden to establish the existence of those privileges and protections. *See Bouschor v. United States*, 316 F.2d 451, 456 (8th Cir. 1963) ("[O]ne claiming the privilege has the burden of establishing it.").

The McClungs claim the information held by Bank Ozk is protected from disclosure by the marital communications privilege. Ignoring whether the general identification of the privilege in their motion is adequate to satisfy the requirements of Rule 45(e)(2), because the information was communicated by the McClungs to Bank Ozk, the assertion of the marital communications

privilege is rejected on its merits. Any marital communications privilege over information possessed by Bank Ozk was waived when the McClungs voluntarily disclosed that information to Bank Ozk. *See Wolfle v. United States*, 291 U.S. 7, 14 (1934) ("Communications between the spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged; but, wherever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential, it is not a privileged communication. And, when made in the presence of a third party, such communications are usually regarded as not privileged because not made in confidence.") (citations omitted).

The McClungs claim the 4th, 9th, and 14th Amendments to the United States Constitution, federal law, the Constitution of the State of Texas, where John McClung maintains a residence, the Constitution and laws of the State of Oklahoma, where Kimberly McClung maintains a residence, and the Constitution of the State of California, where this lawsuit arose, all recognize the McClungs' right to privacy in their financial information, protecting it from disclosure. The cases and statutes the McClungs cite in support of the asserted constitutional protections show that those constitutions recognize the existence of a right to privacy, and that statutes have been enacted to prevent unchecked disclosure of personal financial information to government authorities, but the cited authorities do not demonstrate how this right to privacy precludes Bank Ozk in Arkansas from producing financial information to a nongovernmental limited liability company in response to a subpoena issued by a United States District Court to enforce its lawful judgment on the merits of a civil action. As with their privilege assertion, the McClungs fail to establish a protection exists to prevent disclosure and has not been waived.

The McClungs have not shown that quashing or modifying the subpoena is appropriate. If the McClungs are concerned about use of their personal financial information for purposes

unrelated to collecting on the judgment against John McClung, they are encouraged to seek a protective order from the United States District Court for the Central District of California.

    IT IS THEREFORE ORDERED that the motion (Doc. 2) is DENIED.

    IT IS SO ORDERED this 15th day of May, 2019.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE